# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

MONICA LAY,

    Plaintiff,

v.

SYNCHRONY BANK,
CROWN ASSET MANAGEMENT, LLC, and
DYNAMIC RECOVERY SOLUTIONS, INC.

    Defendants.

Case No.:  2:17-cv-04572
(formerly Civ. A. No. 17-C-134
in the Circuit Court of
Nicholas County, W. Va.)

## NOTICE OF REMOVAL

Defendants Synchrony Bank ("Synchrony"), Crown Asset Management, LLC ("Crown"), and Dynamic Recovery Solutions, LLC ("Dynamic") (collectively, the "Defendants"), hereby jointly remove *Monica Lay v. Synchrony Bank, et al.*, No. 17-C-134, from the Circuit Court of Nicholas County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. Defendants remove this action pursuant to 28 U.S.C. § 1441(a). This Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction). As grounds for removal, Defendants state as follows:

1. The Plaintiff, Monica Lay, commenced this action by filing a complaint on November 6, 2017, in the Circuit Court of Nicholas County, West Virginia. (*See* Ex. A, at Compl. & Docket Sheet.) The Complaint names Synchrony, Crown, and Dynamic as the only defendants. (*Id.* at Compl.)

2. On November 16, 2017, the Plaintiff caused a copy of the Complaint and Summons to be served on Defendants through the Secretary of State, as the Defendants'

statutory attorney-in-fact for service of process. Defendants all received service of the Complaint and Summons on November 20, 2016.

3. No further proceedings have taken place in this civil action in the Circuit Court of Nicholas County, West Virginia.

4. In accordance with 28 U.S.C. § 1446(a) and LR Civ P 3.4, copies of all process, pleadings, or orders served upon Synchrony in Civil Action No. 17-C-134, as well as a certified copy of the docket sheet for said action, are attached hereto as **Exhibit A**.

## SUBJECT-MATTER JURISDICTION EXISTS

5. This Court possesses subject-matter jurisdiction over this removed civil action under 28 U.S.C. §§ 1331 and 1337, as the Plaintiff has alleged causes of action arising under federal law and the Plaintiff's state law causes of action arise out of the same case or controversy.

6. Plaintiff's claims all arise out of the allegation that, after Plaintiff had settled a debt she had with Synchrony, Synchrony sold the account to Crown, who then assigned the debt to Dynamic for collection. (Ex. A, Compl. ¶¶ 5–10.) Plaintiff alleges that Dynamic then attempted to collect the former debt, including placing telephone calls to Plaintiff's cell phone without consent. (*Id.* at ¶¶ 11–12.)

7. Count VII of the Complaint alleges that Dynamic violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, in placing its debt collection telephone calls to Plaintiff. (Ex. A, Compl. ¶¶ 66–73.) The Court has federal-question jurisdiction over this claim. *See Mims v. Arrow Financial Svcs., LLC*, 565 U.S. 368, 372 (2012) ("We hold . . . that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.")

8. The Court has supplemental jurisdiction over the Plaintiff's remaining claims. All of Plaintiff's state law claims arise out of the same nucleus of operative facts, namely, that Synchrony allegedly sold Plaintiff's former debt to Crown, who then tried to collect on that debt through Dynamic, notwithstanding the settlement of the debt. Plaintiff's TCPA claims are based on the same debt collection activities at the heart of Plaintiff's state law claims. Plaintiff's alleged damages related to the TCPA violations (i.e., inconvenience, aggravation, and anger due to receipt of phone calls) are part of the same damages alleged in Plaintiff's state law claims against the Defendants. (*See* Ex. A, Compl. ¶¶ 40, 47, 56, 64, 71 and pp. 12 (seeking damages for annoyance, aggravation, etc. based on Defendants' collection activities).) Without the alleged debt collection activity that forms the basis of Plaintiff's TCPA claim, Plaintiff would be unable to establish damages and other essential elements of her state law claims. Thus, Plaintiff's TCPA claims are inextricably intertwined with her state law claims. Accordingly, the Court possesses supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367; *White v. County of Newberry, S.C.*, 985 F.2d 168, 173 (4th Cir. 1993) ("[S]upplemental jurisdiction is not limited to restatements of the same basic ground for recovery. Supplemental claims may be separate claims, *or* they may merely be different 'counts' or 'grounds' or 'theories' in support of what is essentially a single claim. The claims need only revolve around a central fact pattern." (internal citation and quotation marks omitted) (quoting 28 U.S.C. § 1367 Practice Commentary)). *Villarreal v. JP Morgan Chase Bank, N.A.*, 720 F. Supp. 2d 806, 808–09 (S.D. Tex. 2010) (exercising supplemental jurisdiction over state law claims against creditor where plaintiff had alleged federal claims against debt collectors arising out of same debt collection activities).

## REMOVAL IS TIMELY

9. This Notice of Removal has been timely filed, as Defendants have removed this action within 30 days of Defendants' receipt of the Complaint through formal service. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## VENUE IS PROPER

10. The United States District Court for the Southern District of West Virginia, Charleston Division, is the appropriate court for removal jurisdiction in this civil action because it encompasses Nicholas County, West Virginia. 28 U.S.C. § 1446(a).

## CONSENT OR JOINDER OF ALL DEFENDANTS

11. All Defendants in this action have joined in this Notice of Removal, and no other party's consent or joinder is required. *See* 28 U.S.C. § 1446(b)(2)(A).

## NOTICE TO STATE COURT

12. Pursuant to 28 U.S.C. § 1446(d), a true copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Nicholas County, West Virginia, and will be served on Plaintiff through her counsel.

## RESERVATION OF RIGHTS

13. Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of removal.

14. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

15. No previous application has been made for the relief requested herein.

**CONCLUSION**

WHEREFORE, Defendants hereby give notice of the removal of this civil action from the Circuit Court of Nicholas County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division.

 /s/ Joseph K. Merical
Bryant J. Spann, Esq. (WVSB No. 8628)
M. David Griffith, Jr., Esq. (WVSB No. 7720)
Joseph K. Merical, Esq. (WVSB No. 11646)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338
Phone: 304.414.1800
Fax:    304.414.1801
bspann@tcspllc.com
dgriffith@tcspllc.com
jmerical@tcspllc.com
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MONICA LAY,

    Plaintiff,

v.                                                 Case No.: 2:17-cv-04572
                                                 (formerly Civ. A. No. 17-C-134
SYNCHRONY BANK,                       in the Circuit Court of
CROWN ASSET MANAGEMENT, LLC, and   Nicholas County, W. Va.)
DYNAMIC RECOVERY SOLUTIONS, INC.

    Defendants.

## CERTIFICATE OF SERVICE

I, Joseph K. Merical, counsel for Defendant Synchrony Bank, do hereby certify that I electronically filed the **"NOTICE OF REMOVAL"** with the Clerk of the Court using the CM/ECF filing system, which will send notification of the filing to the following, on this 15th day of December, 2017:

        Ralph C. Young
        Christopher B. Frost
        Steven R. Broadwater, Jr.
        Hamilton, Burgess, Young & Pollard, *pllc*
        P.O. Box 959
        Fayetteville, WV  25840
          *Counsel for Plaintiff*

        */s/Joseph K. Merical*
        Joseph K. Merical (WVSB No. 11646)
        THOMAS COMBS & SPANN, PLLC
        300 Summers Street, Suite 1380
        P.O. Box 3824
        Charleston, WV 25338
          *Counsel for Defendant Synchrony Bank*