# EXHIBIT A

CASE 17-C-134          NICHOLAS                                    PAGE 0001

MONICA LAY                          VS. SYNCRONY BANK


LINE    DATE    ACTION

    1  11/06/17   S&C ISSUED AND RETURN TO COUNSEL.
    2  11/27/17   S&C RET/ACCEPTED BY SEC OF STATE ON BEHALF OF DYNAMIC RECOVERY
    3             SOLUTIONS ON 11/16/17.
    4  11/27/17   S&C RET/ACCEPTED BY SEC OF STATE ON BEHALF OF SYNCHRONY BANK
    5             ON 11/16/17.
    6  11/27/17   S&C RET/ACCEPTED BY SEC OF STATE ON BEHALF OF CROWN ASSET
    7             MANAGEMENT, LLC ON 11/16/17.

A true copy, certified this
15 day of Dec , 20 17.
Debbie Facemire
DEBBIE FACEMIRE CIRCUIT CLERK
Nicholas County Circuit Court
Summersville, WV  26651
By_____, Deputy

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305





**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 1907 33

SYNCHRONY BANK
170 ELECTION ROAD
SUITE 125
DRAPER, UT 84020

| | |
|---|---|
| **Control Number:** 206084 | **County:** Nicholas |
| **Defendant:** SYNCHRONY BANK | **Civil Action:** 17-C-134 |
| 170 ELECTION ROAD | **Certified Number:** 92148901125134100002190733 |
| SUITE 125 | **Service Date:** 11/16/2017 |
| DRAPER, UT 84020 US | |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Mac Warner
Secretary of State



RECEIVED
NOV 2 0 2017

# SUMMONS

IN THE CIRCUIT COURT OF NICHOLAS COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 17-C-*134*

MONICA LAY,                                    PLAINTIFF

V.

SYNCHRONY BANK,
CROWN ASSET MANAGEMENT, LLC and
DYNAMIC RECOVERY SOLUTIONS, LLC,          DEFENDANTS

To the above-named Defendant:   **SYNCHRONY BANK**
**170 ELECTION ROAD, SUITE 125**
**DRAPER, UT 84020**

**IN THE NAME OF THE STATE OF WEST VIRGINIA**:  You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST, AND STEVEN R. BROADWATER, JR.**, plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you.  You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: ___11/6/17___

_Debbie Facemire / CB_
Clerk of Court

IN THE CIRCUIT COURT OF NICHOLAS COUNTY, WEST VIRGINIA

MONICA LAY,                                              PLAINTIFF

V.                                                      CIVIL ACTION NO.17-C-*134*

SYNCHRONY BANK,
CROWN ASSET MANAGEMENT, LLC and
DYNAMIC RECOVERY SOLUTIONS LLC,          DEFENDANTS

2017 NOV -6  A 10: 19
CIRCUIT CLERK
NICHOLAS COUNTY, WV

## COMPLAINT

### PARTIES

1.      The Plaintiff, Monica Lay, is a resident Nicholas County, West Virginia.

2.      The Defendant, Synchrony Bank, (herein, Synchrony) is a state chartered bank having its principal offices in a state other than West Virginia and which does business in West Virginia.

3.      The Defendant, Crown Asset Management, LLC, (herein, "Crown Asset") is a debt buyer having its principal offices in a state other than West Virginia and which does business in West Virginia.

4.      The Defendant, Dynamic Recovery Solutions LLC (herein, Dynamic) is a debt collector having its principal offices in a state other than West Virginia and which does business in West Virginia.

5.      Synchrony Bank filed a collection action against Ms. Lay in the Circuit Court of Nicholas County Civil Action No. 11-C-101 and obtained judgment against Ms. Lay on September 24, 2012.

6.      Subsequently, counsel for Ms. Lay reached agreement with or Synchrony Bank, through its Counsel, M. David Griffith, Jr., Esq. of the Thomas, Combs and Spann,

PLLC, law firm to satisfy the judgment in favor of Synchrony Bank against Monica Lay as memorialized in a letter from Ms. Lay's counsel to Mr. Griffith dated October 22, 2014 (Exhibit A), with a check drawn on the account of Monica Lay payable to Thomas, Combs and Spann, PLLC in the amount of $2,750 as satisfaction in full of the aforesaid judgment. (Exhibit B)

7.     Thereafter, Synchrony provided Plaintiff with a **"RELEASE OF JUDGMENT LIEN"** dated February 12, 2015.  (Exhibit C)

8.     Notwithstanding the fact that Ms. Lay satisfied the judgment against her obtained by Synchrony Bank, and the fact that such judgment was released, Synchrony sold Plaintiff's "settled in full" account to debt buyer Crown Asset on November 19, 2015, as evidenced by a letter from Synchrony Bank to the Plaintiff dated September 21, 2016. (Exhibit D)

9.     When Synchrony sent the September 21, 2016 letter to Plaintiff, Synchrony knew that Plaintiff was represented by counsel in connection with the purported debt. (Exhibit A)

10.     Subsequently, Crown Asset  assigned the purported debt purchased from Synchrony to Defendant Dynamic, a collection agency as evidenced by a letter from Dynamic to Plaintiff dated August 25, 2016.  (Exhibit E)

11.     On August 23, 2016, at approximately 9:25 a.m., Plaintiff received a telephone collection call on her cell phone from a debt collector calling from telephone number 412-339-1377 who identified herself as "Tiffany Arnold" and explained that she

was calling to collect former Synchrony Bank debt now owned by Crown Asset. (Exhibit F)

12.    Plaintiff never consented to telephone collection calls on her cell phone from Crown Asset or Dynamic and if Plaintiff had previously consented to collection calls on their cell phone by Synchrony Bank, such consent was terminated when she fully satisfied the judgment obtained against her by Synchrony Bank and no longer had any relationship with Synchrony Bank.

13.    Upon information and belief, when Synchrony Bank sold Plaintiff's "paid in full account" to Crown Asset, Synchrony Bank falsely and fraudulently represented to Crown Asset that Plaintiff's debt was a valid debt, that such debt had not been satisfied or subject to any other event which would prevent Crown Asset from collecting such debt from Plaintiff.

14.    The act of Synchrony Bank of selling Plaintiff's "paid in full" account to Crown asset was malicious and such act was taken with the knowledge by Synchrony Bank that Crown Asset was a debt buyer and intended to collect the "paid in full" account from Plaintiff.

15.    Crown Asset was grossly negligent for engaging in a pattern and practice of business activity whereby it purchased purported debt from others such as Synchrony Bank by acquiring only the bare minimum amount of information regarding a purported debt such as the date the account was opened and the date of last payment rather than obtaining all of the account data from which Crown Asset could ascertain the bona fides of any alleged debt purchased from another.

F:\CM\23575\23575 Complaint.docx

16.     Dynamic attempted to collect a debt alleged to be owed or due from Plaintiff on behalf of Crown Asset which Ms. Lay did not owe.

17.     Notwithstanding the settlement in full of Plaintiff's former account with Synchrony Bank, Synchrony Bank did not report the payment in full on Plaintiff's account to the credit reporting agencies.

## COUNT I

### INJUNCTIVE RELIEF

18.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

19.     Under Rule 65 of the *West Virginia Rules of Civil Procedure*, Plaintiff seeks a temporary restraining order and preliminary and permanent injunctive relief to stop all further collection efforts by the Defendants to collect Plaintiff's "paid in full" debt.

20.     The Plaintiff is suffering irreparable harm because notwithstanding the payment in full of her former debt to Synchrony Bank collection efforts continue by Defendants and the Defendant Crown Asset can sell Plaintiff's "paid in full" debt to another debt buyer and this "Zombie Debt" can continue to haunt Ms. Lay unabated.

21.     Plaintiff requests that the Court order the Defendants to cause any collection placement to be recalled and any tradeline reported to a credit bureau to be removed and expunged from such public record.

22.     Plaintiff requests that Defendants be enjoined from attempting to collect Plaintiff's "paid in full" debt.

23.     Plaintiff requests that Defendants be enjoined from publicizing negative information regarding Plaintiff's "paid in full" debt.

24.     Plaintiff is entitled to the relief requested.  As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm for which there is no adequate remedy at law.

25.     Plaintiff will suffer irreparable harm because her private financial information has been falsely reported, placing the Plaintiff at high and ongoing risk of suffering financial loss.

26.     By contrast, the harm to the Defendants of granting the requested relief is minimal.  It is fully capable of performing the acts requested, and is obligated to do so.

27.     The public interest is best served by granting the relief requested.  The public has a strong interest in preventing the sale of nonexistent "zombie debt" which continues to plague consumers in the state.

## COUNT II

### VIOLATIONS OF THE *WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

28.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

29.     The *West Virginia Consumer Credit and Protection Act, West Virginia Code* §46A-1-101, *et seq.,* provides that for the purposes of Article Two §§122, 123, 124, 125, 126, 127, 128, 129 and 129(a) of Chapter 46A the following terms have the following meanings:

30.     46A-2-122(a) "Consumer" means any natural person obligated or allegedly obligated to pay any debt.

31.     46A-2-122(b) "Claim" means any obligation or alleged obligation of the consumer to pay money arising out of transaction in which the money, property, insurance

or service which is the subject of the transaction is primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

32.     46A-2-122(c) "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer.

33.     46A-2-122(d) "Debt collector" means any person or organization engaged directly or indirectly in debt collection.

34.     The Plaintiff is a "Consumer" as defined by 46A-2-122(a) as she is a natural person obligated or allegedly obligated to pay any debt.

35.     Defendants sought to collect a "Claim" from Plaintiff as defendants allege that Ms. Lay has an obligation or alleged obligation to pay money arising out of transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal family or household purposes, whether or not such obligation had been reduced to judgment.

36.     Ms. Lay's former debt to Synchrony Bank was incurred primarily for personal, family or household purposes and was reduced to judgment.

37.     Defendants are each engaged in "Debt collection" as each has acted towards the collection of claims owed or due or alleged to be owed or due by Ms. Lay.

38.     The Defendants, are each a "Debt collector" as each is an organization engaged directly or indirectly debt collection.

39.     The Defendants have engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

a.      Engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff as prohibited by *West Virginia Code* §46A-2-125 in connection with the attempt to collect a debt alleged to be owed or due by Ms. Lay notwithstanding that Ms. Lay had paid such debt in full.

b.      Utilizing fraudulent, deceptive or misleading representations or means as prohibited by *West Virginia Code* §46A-2-127 in an attempt to collect a debt alleged to be owed or due by Ms. Lay notwithstanding that Ms. Lay had paid such debt in full.

c.      (As to Defendant Synchrony Bank) attempting to collect upon an alleged debt claimed to be owed or due by Ms. Lay in a manner contrary to the terms of the RELEASE OF JUDGMENT LIEN.

d.      Using unfair or unconscionable means to collect a debt as prohibited by *West Virginia Code* §46A-2-125 in an attempt to collect a debt alleged to be owed or due by Ms. Lay notwithstanding that Ms. Lay had paid such debt in full.

40.      As a result of the Defendants' actions, Plaintiff has suffered actual damages and has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

41.      Pursuant to the provisions of *West Virginia Code* §46A-5-108 Plaintiff's counsel brought the facts recited herein to the attention of Defendants.

42.      The law firm representing the Defendants (which is the same law firm that negotiated and accepted the payment in full of Plaintiff's former debt to Synchrony Bank) responded to Plaintiff's statutory notice with the absurd claim that Plaintiff owes no debt

F:\CM\23575\23575 Complaint.docx

to Defendants and hence, cannot be a consumer and subject to the protection of the *West Virginia Consumer Credit and Protection Act* despite the fact that Synchrony Bank admittedly sold Plaintiff's alleged debt to Crown Asset and warranted that it was a valid debt.

## COUNT III

### COMMON LAW INVASION OF PRIVACY

43.    The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

44.    The Plaintiff has an expectation of privacy to be free from the acts of the Defendants in attempting to collect debt in a manner contrary to the terms of the RELEASE OF JUDGMENT LIEN.   In fact, Plaintiff enjoys the "right to avoid unwelcome speech...in the privacy of [their] home." *Hill v. Colorado*, 530 U.S. 703, 717, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000).   Defendants' debt collection activities interject commercial speech directly into Plaintiff's home against Plaintiff's wishes.   Defendants' right to engage in this manner of speech is in direct conflict with Plaintiff's right to privacy in Plaintiff's home. Where these two rights are in the balance, it is the right to privacy that generally carries more weight.   See, *e.g., Rowan v. United States Post Office Dept.,* 397 U.S. 728, 90 S. Ct. 1484, 25 L. Ed. 2d 736 (1970) (upholding a law prohibiting advertisers from sending mail to persons who have requested to be removed from mailing lists); *Nat'l Fed'n of the Blind v. FTC*, 420 F.3d 331 (4th Cir. 2005) (upholding restrictions on telemarketing calls by charitable organizations); *Mainstream Mktg. Servs. v. FTC*, 358 F.3d 1228 (10th Cir.2004) (rejecting challenge to national do-not-call registry).

45.     The acts of the Defendants in continuing to attempt to collect an alleged debt when such debt was paid in full was contrary to the terms of the RELEASE OF JUDGMENT LIEN and thereby invaded, damaged and harmed Plaintiff's right of privacy.

46.     As a result of the Defendants' actions, the Plaintiff suffered emotional distress.

47.     As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### FRAUD, MISREPRESENTATION AND DECEPTION

48.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

49.     Notwithstanding the RELEASE OF JUDGMENT LIEN, the Defendants continued on a course of conduct in violation of the terms of the RELEASE OF JUDGMENT LIEN in violation of laws regulating the conduct of debt collectors.

50.     The acts of Synchrony Bank contrary to RELEASE OF JUDGMENT LIEN were fraudulent.

51.     Synchrony Bank made false and material representations that Plaintiff owed a debt by representing and warranting to Crown Asset that Plaintiff owed a valid debt to Synchrony Bank when such debt had been paid in full and released by Synchrony Bank.

52.     Plaintiff reasonably relied on Synchrony Bank's representation that it would accept her payment (Exhibit B) a settlement in full of her former debt to Synchrony Bank.

53.     Synchrony Bank knew that it violated the terms of the RELEASE OF JUDGMENT LIEN but, notwithstanding, continued on a course of conduct contrary to the settlement agreement.

54.     Synchrony Bank deceived Plaintiff in violation of the terms of the settlement agreement.

55.     Synchrony Bank has adopted and engaged in a business practice of settling litigation brought against it by West Virginia consumers by making false, misleading and deceptive promises to consumers such as Plaintiff when Synchrony Bank had no intent to actually abide by the settlement agreement.

56.     As a result of Defendants' conduct, Plaintiff suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; increased interest rates; and mental and emotional pain, anguish, humiliation, and embarrassment.

## COUNT V

### SLANDER DEFAMATION AND LIBEL

57.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

58.     Defendant Synchrony Bank, with malice, slandered and defamed Plaintiff by false implication that she owed a debt to Synchrony Bank when in fact she had settled such debt in full and obtained a RELEASE OF JUDGMENT LIEN.

59.     Defendant Synchrony's false representations was slander *per se*.

60.     Defendant Synchrony published its slander of Plaintiff when it warranted to Crown Asset that Plaintiff owed money to Synchrony Bank.

61.     Plaintiff was harmed by Synchrony's slander, defamation and libel.

F:\CM\23575\23575 Complaint.docx

## COUNT VI

### BREACH OF CONTRACT

62.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

63.     Synchrony Bank breached the settlement agreement (Exhibit A) entered into with Plaintiff by failing to comply with the terms of the settlement agreement.

64.     As a result of the Synchrony Bank's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VII

### VIOLATION OF THE *TELEPHONE CONSUMER PROTECTION ACT AGAINST DYNAMIC*

65.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

66.     The Plaintiff is a person who falls under the protection of the *Telephone Consumer Protection Act*, 47 USC §227, *et seq.*

67.     Within the four-year period immediately preceding this action, the Defendant Dynamic used an automatic telephone dialing system and/or artificial recorded voice, as defined by 47 USC §227(a)(1), to place debt collection telephone calls, as defined by 47 USC §227(a)(4)-(5), to the Plaintiff on a cellular phone.

68.     Plaintiff had never granted or expressly revoked any authorization the Dynamic had had to make calls to the Plaintiff using an automatic telephone dialing system or artificial recorded voice.

69.     Dynamic has engaged in repeated violations of the *Telephone Consumer Protection Act*, including but not limited to, placing unauthorized telephone calls to

F:\CM\23575\23575 Complaint.docx

Plaintiff's cellular telephone using any automatic telephone dialing system or an artificial or pre-recorded voice in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii).

70.     The acts and/or omissions of Dynamic, were at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

71.     As a result of the violations of law as aforesaid, Plaintiff was inconvenienced, aggravated, angered and otherwise sustained damages.

72.     The acts of Dynamic aforesaid entitle the Plaintiff to recover actual damages as well as $500.00 damages for each violation, whichever is greater pursuant to 47 USC §227(b)(3). Moreover, Plaintiff is entitled to trebled statutory damages as the Dynamic acted willfully or knowingly in violating the TCPA.

73.     Plaintiff is entitled to injunctive relief prohibiting Dynamic from contacting the Plaintiff on her cellular telephone pursuant to 47 USC §227(b)(3)(a).

## DEMAND FOR RELIEF

Plaintiff demands from the Defendants:

A.     Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B.     Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.     Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D.     Damages pursuant to 47 USC §227(b)(3)(a);

E.     General damages, compensatory damages and punitive damages for Defendants' conduct alleged in Count II, III, IV, V, VI and VII; and

F.     Such other relief as the Court shall deem meet and proper under the attendant circumstances.

**MONICA LAY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
&amp; POLLARD, *pllc*

BY:_____
       Ralph C. Young *(W. Va. Bar #4176)*
          ryoung@hamiltonburgess.com
       Christopher B. Frost *(W. Va. Bar #9411)*
          cfrost@hamiltonburgess.com
       Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
          sbroadwater@hamiltonburgess.com
       *Counsel for Plaintiff*
       P. O. Box 959
       Fayetteville, WV 25840
       304-574-2727

**EXHIBIT A**

# LETTER DATED OCTOBER 22, 2014
## TO M. DAVID GRIFFITH, JR.

## HAMILTON, BURGESS, YOUNG & POLLARD, *pllc*

*A Professional Limited Liability Company*
*Engaged in the Practice of Law*

KEVIN B. BURGESS
RALPH C. YOUNG
LYNN B. POLLARD
CHRISTOPHER B. FROST
STEVEN R. BROADWATER, JR.
JED R. NOLAN

5493 Maple Lane
Fayetteville, West Virginia 25840

(304) 574-2727

PAT R. HAMILTON
*Retired*

P.O. Box 959
Fax 304 574-3709

F:\CM-18\n\o\18066AT Griffith.EncCheck 1 tr.wpd

October 22, 2014

M. David Griffith, Jr., Esq.
THOMAS COMBS & SPANN, PLLC
P. O. Box 3824
Charleston, WV 25338

Dear Mr. Griffith:

Re:   **GE Money Bank v. Monica Lay**
**Civil Action No. 11-C-101**

Per our e-mail dated October 21, 2014, enclosed is a check from Ms. Lay made payable to Thomas Combs and Spann PLLC, in the amount of $2,750.00 representing satisfaction of the judgment in this case.

Thank you for your assistance in concluding this matter. With best wishes, I am

Yours truly,

Christopher B. Frost

CBF/bg

Enclosure

**EXHIBIT B**

**COPY OF PLAINTIFF'S CHECK
IN THE AMOUNT OF $2,750 TO
THOMAS, COMBS AND SPANN, PLLC**

**MONICA LAY**
PH. 304-872-0168
4205 IRISH HEIGHTS DRIVE
SUMMERSVILLE, WV 26651

$\frac{69-129}{515}$ 87

6452

Shield℠

DATE 10-22-14

PAY TO THE
ORDER OF *Thomas Combs & Spann PLLC*   $ *2,750* ⁰⁰

*Two thousand seven hundred fifty dollars* ~~no~~/₁₀₀ DOLLARS

**First Community Bank**
Your First Financial Resource.

MEMO *Payment in full for C.E. Money Bank* *Monica Lay*
*Sych. Bank*

⑈051501299⑈ 000128B9B9⑈ 6452

**EXHIBIT C**

# RELEASE OF JUDGMENT LIEN

## RELEASE OF JUDGMENT LIEN

Synchrony Bank f/k/a GE Capital Retail Bank f/k/a GE Money Bank hereby releases a judgment lien in its favor in the amount of $3,533.28, plus interest and costs, against Monica Lay which was created by an Abstract of Judgment made of record on March 28, 2013 in the Office of the Clerk of the County Commission of Nicholas County, West Virginia in Judgment Lien Book 21, at Page 652.

IN WITNESS WHEREOF, the said Synchrony Bank, a federal savings bank, has caused its name to be signed hereto by _MARSHA KOEHLER_ , its _MANAGER, LITIGATION SUPPORT_ thereunto duly authorized, this _12th_ day of _FEBRUARY_ , 2015.

SYNCHRONY BANK f/k/a
GE CAPITAL RETAIL BANK f/k/a
GE Money Bank

By: _Marsha Koehler_

Its: _MANAGER, LITIGATION SUPPORT_

Acknowledged before the subscriber by _Martha Koehler_ , who signed thereto the name of Synchrony Bank, a federal savings bank, this _12th_ day of _February_ , 2015, as witness my hand and official notary seal.

My commission expires: _August 24, 2016_

_Judy Gumbel_
Notary Public

JUDY GUMBEL
MY COMMISSION EXPIRES
August 24, 2016
OFFICIAL SEAL

Prepared by and return to:

M. David Griffith Jr.
Thomas Combs & Spann, PLLC
P.O. Box 3824
Charleston, WV 25338

**EXHIBIT D**

**LETTER FROM SYNCHRONY BANK TO
PLAINTIFF DATED SEPTEMBER 21, 2016**

Synchrony Bank
P.O. Box 965064
Orlando, FL 32896-5064


MONICA LAY                          UPGR
4205 IRISH HEIGHTS DR                 88
SUMMERSVILLE WV 26651-1936                                              09/21/2016


RE: Lowes® ConsumerCreditCard
Account Number: 79819*******2110
Account Balance at Time of Sale: $3533.28


Dear MONICA LAY,


This letter is to inform you that the above-referenced account was sold to Crown Asset Management, LLC on
11/19/2015. If you have any questions about this account, please contact:

Crown Asset Management, LLC
3100 Breckenridge Blvd  Ste 725
Duluth, GA 30096
866-696-4442


Sincerely,

Synchrony Bank


DSGOODBYE

**EXHIBIT E**

**LETTER FROM DYNAMIC TO PLAINTIFF
DATED AUGUST 25, 2016**

DYNAMIC



## Dispute Acknowledgement

**Current Creditor: Crown Asset Management, LLC**
**Current Account No: 010319477**
**Original Creditor: Synchrony Bank**

**EXHIBIT F**

**TELEPHONE CALL FROM 412-339-1377**
**AUGUST 23, 2016, AT APPROXIMATELY 9:25 A.M.**

8-23-16   9:25am
Received a call on my cell phone
304-651-0168
from a woman identifying
herself as Tiffany Arnold. She
told me this call was an attempt
to collect a debt, for Crown
Asset for a Synch/Lowes debt
in the amount of $3,533.28
She called from 412-339-1377.
I told her the debt was paid and
gave her my attorney's name:
Ted Nolan w/ Hamilton Burgess
Young & Pollard. She stated she
would note this information.

CERTIFIED MAIL

U.S POSTAGE PITNEY BOWES

ZIP 25311 $ 006.83⁰
02 4W
0000336734 NOV 17 2017

*Office of the Secretary of State*
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

RECEIVED
NOV 20 2017



**USPS CERTIFIED MAIL™**

9214 8901 1251 3410 0002 1907 33

SYNCHRONY BANK
170 ELECTION ROAD
SUITE 125
DRAPER, UT 84020

**CT Corporation**

**Service of Process Transmittal**
11/20/2017
CT Log Number 532335430

**TO:**     Sarah Pittman
Crown Asset Management, LLC
3100 Breckinridge Blvd Ste 725
Duluth, GA 30096-7605

**RE:**     Process Served in West Virginia

**FOR:**    CROWN ASSET MANAGEMENT, LLC  (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MONICA LAY, PLTF. vs. SYNCHRONY BANK, ET AL., DFTS. // TO: CROWN ASSET MANAGEMENT, LLC |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Nicholas County Circuit Court, WV<br>Case # 17C134 |
| **NATURE OF ACTION:** | FRAUD, MISREPRESENTATION AND DECEPTION |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/20/2017 postmarked on 11/17/2017 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Ralph C. Young<br>Hamilton, Burgess, Young & Pollard, PLLC<br>PO Box 959<br>Fayetteville, WV 25840<br>304-574-2727 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/21/2017, Expected Purge Date: 11/26/2017<br><br>Image SOP<br><br>Email Notification,  Sasha Beard  sbeard@crownasset.com<br><br>Email Notification,  Cher Terwoord  cterwoord@crownasset.com<br><br>Email Notification,  Sarah Pittman  spittman@crownasset.com<br><br>Email Notification,  Matt Zatezalo  mzatezalo@crownasset.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313<br>919-821-7139 |

Page 1 of  1 / RN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 25311 $ 006.83⁰
02 4W
0000336734 NOV 17 2017

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 1907 40



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CROWN ASSET MANAGEMENT, LLC
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Control Number:** 206085

**Defendant:** CROWN ASSET MANAGEMENT, LLC
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Nicholas

**Civil Action:** 17-C-134

**Certified Number:** 92148901125134100002190740

**Service Date:** 11/16/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

### IN THE CIRCUIT COURT OF NICHOLAS COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 17-C- *134*

MONICA LAY,                                        PLAINTIFF

V.

SYNCHRONY BANK,
CROWN ASSET MANAGEMENT, LLC and
DYNAMIC RECOVERY SOLUTIONS, LLC,      DEFENDANTS

SECRETARY OF STATE
STATE OF WEST VIRGINIA
2017 NOV 16 A 10: 55
ACCEPTED FOR
SERVICE OF PROCESS

To the above-named Defendant:  CROWN ASSET MANAGEMENT, LLC
C/O CT CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLESTON, WV 25313

IN THE NAME OF THE STATE OF WEST VIRGINIA:  You are hereby summoned and required to serve upon RALPH C. YOUNG, CHRISTOPHER B. FROST, AND STEVEN R. BROADWATER, JR., plaintiff's attorney, whose address is P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you.  You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within THIRTY (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated:  _11/4/17_

_____
Clerk of Court

IN THE CIRCUIT COURT OF NICHOLAS COUNTY, WEST VIRGINIA

MONICA LAY,                                    PLAINTIFF

V.                                             CIVIL ACTION NO.17-C- _134_

SYNCHRONY BANK,
CROWN ASSET MANAGEMENT, LLC and
DYNAMIC RECOVERY SOLUTIONS LLC,     DEFENDANTS

### COMPLAINT

#### PARTIES

1.      The Plaintiff, Monica Lay, is a resident Nicholas County, West Virginia.

2.      The Defendant, Synchrony Bank, (herein, Synchrony) is a state chartered bank having its principal offices in a state other than West Virginia and which does business in West Virginia.

3.      The Defendant, Crown Asset Management, LLC, (herein, "Crown Asset") is a debt buyer having its principal offices in a state other than West Virginia and which does business in West Virginia.

4.      The Defendant, Dynamic Recovery Solutions LLC (herein, Dynamic) is a debt collector having its principal offices in a state other than West Virginia and which does business in West Virginia.

5.      Synchrony Bank filed a collection action against Ms. Lay in the Circuit Court of Nicholas County Civil Action No. 11-C-101 and obtained judgment against Ms. Lay on September 24, 2012.

6.      Subsequently, counsel for Ms. Lay reached agreement with or Synchrony Bank, through its Counsel, M. David Griffith, Jr., Esq. of the Thomas, Combs and Spann,

PLLC, law firm to satisfy the judgment in favor of Synchrony Bank against Monica Lay as memorialized in a letter from Ms. Lay's counsel to Mr. Griffith dated October 22, 2014 (Exhibit A), with a check drawn on the account of Monica Lay payable to Thomas, Combs and Spann, PLLC in the amount of $2,750 as satisfaction in full of the aforesaid judgment. (Exhibit B)

7.     Thereafter, Synchrony provided Plaintiff with a **"RELEASE OF JUDGMENT LIEN"** dated February 12, 2015. (Exhibit C)

8.     Notwithstanding the fact that Ms. Lay satisfied the judgment against her obtained by Synchrony Bank, and the fact that such judgment was released, Synchrony sold Plaintiff's "settled in full" account to debt buyer Crown Asset on November 19, 2015, as evidenced by a letter from Synchrony Bank to the Plaintiff dated September 21, 2016. (Exhibit D)

9.     When Synchrony sent the September 21, 2016 letter to Plaintiff, Synchrony knew that Plaintiff was represented by counsel in connection with the purported debt. (Exhibit A)

10.     Subsequently, Crown Asset assigned the purported debt purchased from Synchrony to Defendant Dynamic, a collection agency as evidenced by a letter from Dynamic to Plaintiff dated August 25, 2016. (Exhibit E)

11.     On August 23, 2016, at approximately 9:25 a.m., Plaintiff received a telephone collection call on her cell phone from a debt collector calling from telephone number 412-339-1377 who identified herself as "Tiffany Arnold" and explained that she

F:\CM\23575\23575 Complaint.docx

was calling to collect former Synchrony Bank debt now owned by Crown Asset.
(Exhibit F)

12.    Plaintiff never consented to telephone collection calls on her cell phone from
Crown Asset or Dynamic and if Plaintiff had previously consented to collection calls on
their cell phone by Synchrony Bank, such consent was terminated when she fully satisfied
the judgment obtained against her by Synchrony Bank and no longer had any relationship
with Synchrony Bank.

13.    Upon information and belief, when Synchrony Bank sold Plaintiff's "paid in
full account" to Crown Asset, Synchrony Bank falsely and fraudulently represented to
Crown Asset that Plaintiff's debt was a valid debt, that such debt had not been satisfied or
subject to any other event which would prevent Crown Asset from collecting such debt
from Plaintiff.

14.    The act of Synchrony Bank of selling Plaintiff's "paid in full" account to
Crown asset was malicious and such act was taken with the knowledge by Synchrony Bank
that Crown Asset was a debt buyer and intended to collect the "paid in full" account from
Plaintiff.

15.    Crown Asset was grossly negligent for engaging in a pattern and practice of
business activity whereby it purchased purported debt from others such as Synchrony Bank
by acquiring only the bare minimum amount of information regarding a purported debt
such as the date the account was opened and the date of last payment rather than obtaining
all of the account data from which Crown Asset could ascertain the bona fides of any
alleged debt purchased from another.

F:\CM\23575\23575 Complaint.docx

16.     Dynamic attempted to collect a debt alleged to be owed or due from Plaintiff on behalf of Crown Asset which Ms. Lay did not owe.

17.     Notwithstanding the settlement in full of Plaintiff's former account with Synchrony Bank, Synchrony Bank did not report the payment in full on Plaintiff's account to the credit reporting agencies.

## COUNT I

### INJUNCTIVE RELIEF

18.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

19.     Under Rule 65 of the *West Virginia Rules of Civil Procedure*, Plaintiff seeks a temporary restraining order and preliminary and permanent injunctive relief to stop all further collection efforts by the Defendants to collect Plaintiff's "paid in full" debt.

20.     The Plaintiff is suffering irreparable harm because notwithstanding the payment in full of her former debt to Synchrony Bank collection efforts continue by Defendants and the Defendant Crown Asset can sell Plaintiff's "paid in full" debt to another debt buyer and this "Zombie Debt" can continue to haunt Ms. Lay unabated.

21.     Plaintiff requests that the Court order the Defendants to cause any collection placement to be recalled and any tradeline reported to a credit bureau to be removed and expunged from such public record.

22.     Plaintiff requests that Defendants be enjoined from attempting to collect Plaintiff's "paid in full" debt.

23.     Plaintiff requests that Defendants be enjoined from publicizing negative information regarding Plaintiff's "paid in full" debt.

*Page 4 of 13*

F:\CM\23575\23575 Complaint.docx

24.     Plaintiff is entitled to the relief requested.  As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm for which there is no adequate remedy at law.

25.     Plaintiff will suffer irreparable harm because her private financial information has been falsely reported, placing the Plaintiff at high and ongoing risk of suffering financial loss.

26.     By contrast, the harm to the Defendants of granting the requested relief is minimal.  It is fully capable of performing the acts requested, and is obligated to do so.

27.     The public interest is best served by granting the relief requested.  The public has a strong interest in preventing the sale of nonexistent "zombie debt" which continues to plague consumers in the state.

## COUNT II

### VIOLATIONS OF THE *WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

28.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

29.     The *West Virginia Consumer Credit and Protection Act, West Virginia Code* §46A-1-101, *et seq.,* provides that for the purposes of Article Two §§122, 123, 124, 125, 126, 127, 128, 129 and 129(a) of Chapter 46A the following terms have the following meanings:

30.     46A-2-122(a) "Consumer" means any natural person obligated or allegedly obligated to pay any debt.

31.     46A-2-122(b) "Claim" means any obligation or alleged obligation of the consumer to pay money arising out of transaction in which the money, property, insurance

*Page 5 of 13*

F:\CM\23575\23575 Complaint.docx

or service which is the subject of the transaction is primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

32.     46A-2-122(c) "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer.

33.     46A-2-122(d) "Debt collector" means any person or organization engaged directly or indirectly in debt collection.

34.     The Plaintiff is a "Consumer" as defined by 46A-2-122(a) as she is a natural person obligated or allegedly obligated to pay any debt.

35.     Defendants sought to collect a "Claim" from Plaintiff as defendants allege that Ms. Lay has an obligation or alleged obligation to pay money arising out of transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal family or household purposes, whether or not such obligation had been reduced to judgment.

36.     Ms. Lay's former debt to Synchrony Bank was incurred primarily for personal, family or household purposes and was reduced to judgment.

37.     Defendants are each engaged in "Debt collection" as each has acted towards the collection of claims owed or due or alleged to be owed or due by Ms. Lay.

38.     The Defendants, are each a "Debt collector" as each is an organization engaged directly or indirectly debt collection.

39.     The Defendants have engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

F:\CM\23575\23575 Complaint.docx

a.     Engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff as prohibited by *West Virginia Code* §46A-2-125 in connection with the attempt to collect a debt alleged to be owed or due by Ms. Lay notwithstanding that Ms. Lay had paid such debt in full.

b.     Utilizing fraudulent, deceptive or misleading representations or means as prohibited by *West Virginia Code* §46A-2-127 in an attempt to collect a debt alleged to be owed or due by Ms. Lay notwithstanding that Ms. Lay had paid such debt in full.

c.     (As to Defendant Synchrony Bank) attempting to collect upon an alleged debt claimed to be owed or due by Ms. Lay in a manner contrary to the terms of the RELEASE OF JUDGMENT LIEN.

d.     Using unfair or unconscionable means to collect a debt as prohibited by *West Virginia Code* §46A-2-125 in an attempt to collect a debt alleged to be owed or due by Ms. Lay notwithstanding that Ms. Lay had paid such debt in full.

40.     As a result of the Defendants' actions, Plaintiff has suffered actual damages and has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

41.     Pursuant to the provisions of *West Virginia Code* §46A-5-108 Plaintiff's counsel brought the facts recited herein to the attention of Defendants.

42.     The law firm representing the Defendants (which is the same law firm that negotiated and accepted the payment in full of Plaintiff's former debt to Synchrony Bank) responded to Plaintiff's statutory notice with the absurd claim that Plaintiff owes no debt

F:\CM023575\23575 Complaint.docx

to Defendants and hence, cannot be a consumer and subject to the protection of the *West Virginia Consumer Credit and Protection Act* despite the fact that Synchrony Bank admittedly sold Plaintiff's alleged debt to Crown Asset and warranted that it was a valid debt.

## COUNT III

## COMMON LAW INVASION OF PRIVACY

43.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

44.     The Plaintiff has an expectation of privacy to be free from the acts of the Defendants in attempting to collect debt in a manner contrary to the terms of the RELEASE OF JUDGMENT LIEN.  In fact, Plaintiff enjoys the "right to avoid unwelcome speech...in the privacy of [their] home." *Hill v. Colorado*, 530 U.S. 703, 717, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000).  Defendants' debt collection activities interject commercial speech directly into Plaintiff's home against Plaintiff's wishes.  Defendants' right to engage in this manner of speech is in direct conflict with Plaintiff's right to privacy in Plaintiff's home. Where these two rights are in the balance, it is the right to privacy that generally carries more weight.  See, *e.g., Rowan v. United States Post Office Dept.*, 397 U.S. 728, 90 S. Ct. 1484, 25 L. Ed. 2d 736 (1970) (upholding a law prohibiting advertisers from sending mail to persons who have requested to be removed from mailing lists); *Nat'l Fed'n of the Blind v. FTC*, 420 F.3d 331 (4th Cir. 2005) (upholding restrictions on telemarketing calls by charitable organizations); *Mainstream Mktg. Servs. v. FTC*, 358 F.3d 1228 (10th Cir.2004) (rejecting challenge to national do-not-call registry).

F:\CM02357\23575 Complaint.docx

45. The acts of the Defendants in continuing to attempt to collect an alleged debt when such debt was paid in full was contrary to the terms of the RELEASE OF JUDGMENT LIEN and thereby invaded, damaged and harmed Plaintiff's right of privacy.

46. As a result of the Defendants' actions, the Plaintiff suffered emotional distress.

47. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### FRAUD, MISREPRESENTATION AND DECEPTION

48. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

49. Notwithstanding the RELEASE OF JUDGMENT LIEN, the Defendants continued on a course of conduct in violation of the terms of the RELEASE OF JUDGMENT LIEN in violation of laws regulating the conduct of debt collectors.

50. The acts of Synchrony Bank contrary to RELEASE OF JUDGMENT LIEN were fraudulent.

51. Synchrony Bank made false and material representations that Plaintiff owed a debt by representing and warranting to Crown Asset that Plaintiff owed a valid debt to Synchrony Bank when such debt had been paid in full and released by Synchrony Bank.

52. Plaintiff reasonably relied on Synchrony Bank's representation that it would accept her payment (Exhibit B) a settlement in full of her former debt to Synchrony Bank.

53.     Synchrony Bank knew that it violated the terms of the RELEASE OF JUDGMENT LIEN but, notwithstanding, continued on a course of conduct contrary to the settlement agreement.

54.     Synchrony Bank deceived Plaintiff in violation of the terms of the settlement agreement.

55.     Synchrony Bank has adopted and engaged in a business practice of settling litigation brought against it by West Virginia consumers by making false, misleading and deceptive promises to consumers such as Plaintiff when Synchrony Bank had no intent to actually abide by the settlement agreement.

56.     As a result of Defendants' conduct, Plaintiff suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; increased interest rates; and mental and emotional pain, anguish, humiliation, and embarrassment.

## COUNT V

### SLANDER DEFAMATION AND LIBEL

57.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

58.     Defendant Synchrony Bank, with malice, slandered and defamed Plaintiff by false implication that she owed a debt to Synchrony Bank when in fact she had settled such debt in full and obtained a RELEASE OF JUDGMENT LIEN.

59.     Defendant Synchrony's false representations was slander *per se*.

60.     Defendant Synchrony published its slander of Plaintiff when it warranted to Crown Asset that Plaintiff owed money to Synchrony Bank.

61.     Plaintiff was harmed by Synchrony's slander, defamation and libel.

F:\CM\23575\23575 Complaint.docx

## COUNT VI

### BREACH OF CONTRACT

62.    The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

63.    Synchrony Bank breached the settlement agreement (Exhibit A) entered into with Plaintiff by failing to comply with the terms of the settlement agreement.

64.    As a result of the Synchrony Bank's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VII

### VIOLATION OF THE *TELEPHONE CONSUMER PROTECTION ACT AGAINST DYNAMIC*

65.    The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

66.    The Plaintiff is a person who falls under the protection of the *Telephone Consumer Protection Act*, 47 USC §227, *et seq.*

67.    Within the four-year period immediately preceding this action, the Defendant Dynamic used an automatic telephone dialing system and/or artificial recorded voice, as defined by 47 USC §227(a)(1), to place debt collection telephone calls, as defined by 47 USC §227(a)(4)-(5), to the Plaintiff on a cellular phone.

68.    Plaintiff had never granted or expressly revoked any authorization the Dynamic had had to make calls to the Plaintiff using an automatic telephone dialing system or artificial recorded voice.

69.    Dynamic has engaged in repeated violations of the *Telephone Consumer Protection Act*, including but not limited to, placing unauthorized telephone calls to

F:\CM\23575\23575 Complaint.docx

Plaintiff's cellular telephone using any automatic telephone dialing system or an artificial or pre-recorded voice in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii).

70. The acts and/or omissions of Dynamic, were at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

71. As a result of the violations of law as aforesaid, Plaintiff was inconvenienced, aggravated, angered and otherwise sustained damages.

72. The acts of Dynamic aforesaid entitle the Plaintiff to recover actual damages as well as $500.00 damages for each violation, whichever is greater pursuant to 47 USC §227(b)(3). Moreover, Plaintiff is entitled to trebled statutory damages as the Dynamic acted willfully or knowingly in violating the TCPA.

73. Plaintiff is entitled to injunctive relief prohibiting Dynamic from contacting the Plaintiff on her cellular telephone pursuant to 47 USC §227(b)(3)(a).

**DEMAND FOR RELIEF**

Plaintiff demands from the Defendants:

A. Actual damages for annoyance, aggravation, distress, bother, and anxiety, for the violations of the WVCCPA as authorized by West Virginia Code §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B.      Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.      Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D.      Damages pursuant to 47 USC §227(b)(3)(a);

E.      General damages, compensatory damages and punitive damages for Defendants' conduct alleged in Count II, III, IV, V, VI and VII; and

F.      Such other relief as the Court shall deem meet and proper under the attendant circumstances.

                                        **MONICA LAY**

                                        **BY COUNSEL**

HAMILTON, BURGESS, YOUNG
      & POLLARD, *pllc*

BY: _____

      Ralph C. Young *(W. Va. Bar #4176)*
            ryoung@hamiltonburgess.com
      Christopher B. Frost *(W. Va. Bar #9411)*
            cfrost@hamiltonburgess.com
      Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
            sbroadwater@hamiltonburgess.com
      *Counsel for Plaintiff*
      P. O. Box 959
      Fayetteville, WV 25840
      304-574-2727

F:\CM\23575\23575 Complaint.docx

EXHIBIT A

LETTER DATED OCTOBER 22, 2014
TO M. DAVID GRIFFITH, JR.

## HAMILTON, BURGESS, YOUNG & POLLARD, *pllc*

*A Professional Limited Liability Company*
*Engaged in the Practice of Law*

5493 Maple Lane
Fayetteville, West Virginia 25840

(304) 574-2727

KEVIN B. BURGESS
RALPH C. YOUNG
LYNN B. POLLARD
CHRISTOPHER B. FROST
STEVEN R. BROADWATER, JR.
JED R. NOLAN

PAT H. HAMILTON
*Retired*

P.O. Box 959
Fax 304 574-3709

October 22, 2014

M. David Griffith, Jr., Esq.
THOMAS COMBS & SPANN, PLLC
P. O. Box 3824
Charleston, WV 25338

Dear Mr. Griffith:

Re:   GE Money Bank v. Monica Lay
        Civil Action No. 11-C-101

Per our e-mail dated October 21, 2014, enclosed is a check from Ms. Lay made payable to Thomas Combs and Spann PLLC, in the amount of $2,750.00 representing satisfaction of the judgment in this case.

Thank you for your assistance in concluding this matter.  With best wishes, I am

Yours truly,

Christopher B. Frost

CBF/bg

Enclosure